**O**
**JS-6**

cc: order, docket, remand letter to Los Angeles Superior Court No. BC 503679

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED IMAGING CENTER, INC., | Case No. 2:13-cv-4549-ODW(Ex) |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| DANNA L. SEIDEL et al., | |
| Defendants. | |

After considering the Complaint and Defendant Wells Fargo Bank, N.A.'s Notice of Removal, the Court concludes that it lacks subject-matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). And because the "removal statutes are strictly construed against removal," doubts about removal must be resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see also Gaus v. Miles*,

*Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332.

Wells Fargo asserts that there is diversity jurisdiction. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). In this case, Plaintiff Advanced Imaging Center, Inc. alleges that it is a California citizen. (Compl. ¶ 1.) But Wells Fargo is also a citizen of California: its principal place of business is San Francisco, California. Because of this lack of complete diversity, this Court does not have subject-matter jurisdiction.

Wells Fargo contends its citizenship is limited to South Dakota. (Not. of Removal 4.) The Court finds that *Schmidt* does not preclude Courts from considering a national banking association to be a citizen of both the state in which it has designated its main office and the state where it has its principal place of business. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). Further, the Ninth Circuit's binding precedent dictates that national banks are citizens of the "states in which their principal places of business are maintained." *Am. Sur. Co. V. Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943); *Uriarte v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. 2011). Also, the Fifth and Seventh Circuits take the same approach towards citizenship of national banking associations. *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001).

The Court acknowledges, but finds unpersuasive, other courts' interpretation of *Schmidt* to mean that a national banking association is a citizen *only* of the state of its main office. *See*, *e.g.*, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702,

710 (8th Cir. 2011). If anything, the doubt raised here regarding Wells Fargo's citizenship counsels in favor of remand. *Gaus*, 980 F.2d at 566.

Accordingly, the Court **REMANDS** this action to the Los Angeles County Superior Court for lack of subject matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

July 1, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**